UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRYAN SIMMONS,

    Plaintiff,

-vs-                                        CASE NO.:

EQUIFAX INFORMATION
SERVICES LLC and TRANS
UNION LLC,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRYAN SIMMONS (hereinafter "Plaintiff"), sues Defendants, EQUIFAX INFORMATION SERVICES LLC ("Equifax"), and TRANS UNION LLC ("Trans Union") (hereafter collectively "Defendants") and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## PRELIMINARY STATEMENT

1. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

1

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and a resident of Polk County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

6. Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida, through its registered agent, Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301.

7. Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

9. Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida, through its registered agent, Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301.

10. Trans union is a "consumer reporting agency," as defined in 15 USC § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. In November of 2018 Plaintiff entered a settlement plan as to his Synchrony Bank/PayPal ("PayPal") account ending in 0263. The settlement was successfully paid for in May of 2022.

13. On or about December of 2022, Plaintiff began to receive collection letters in regards to a debt with a PayPal account in the about of $1,301.14.

14. Utterly confused as he had paid off his account with PayPal, and after receiving such letter in the mail, Plaintiff went on his credit monitoring app in December of 2022. In reviewing his Equifax and Trans Union credit reports, they were reporting a Calvary Portfolio Services partial account number 2239**** with the original creditor being Synchrony Bank.

15. Immediately after this, Plaintiff disputed with Equifax and Trans Union concerning the Calvary Portfolio Services partial account number 2239**** through his credit monitoring app.

16. Plaintiff never received any response back from either Equifax or Trans Union.

17. On March 1, 2023, Plaintiff obtained copies of his Equifax and Trans Union credit reports. Upon review, the Defendants continued to report the Calvary Portfolio Services partial account number 2239****. On the aforementioned credit reports, it notated "Account information disputed by consumer (FCRA)".

18. In response to the continued inaccurate reporting by Equifax and Trans Union, on March 14, 2023, Plaintiff mailed a written dispute letter to each of them concerning the Calvary Portfolio Services partial account number 2239****. In the letter Plaintiff reiterated that the collection account does not belong to him. A copy of Plaintiff's driver's license, documentation of his settlement as to his PayPal account, and other relevant supportive documentation.

19. Plaintiff mailed the letters via USPS Certified Mail, Equifax (7022 2410 0002 4567 3135) and Trans Union (7022 2410 0002 4567 3128).

20. On March 21, 2023, Trans Union responded to Plaintiff's dispute by stating, "the information you disputed does not currently appear on your TransUnion credit report".

21. On March 25, 2023, Equifax responded to Plaintiff's dispute by stating, "THE DISPUTED ITEM IS NOT CURRENTLY REPORTING ON THE EQUIFAX CREDIT FILE".

22. In reviewing his Equifax and Trans Union credit reports, to his relief, the Calvary Portfolio Services partial account number 2239**** was no longer being reported.

23. As a result of the actions and/or inactions of the Defendants, Plaintiff has suffered damage to his credit score.

24. Due to the actions and/or inactions of the Defendants, Plaintiff has suffered from unnecessary and unwanted stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation.

## CAUSES OF ACTION

### COUNT I
### Violations of 15 U.S.C. § 1681e(b)
### As to Equifax

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

26. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

27. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered a loss of his personal time, emotional distress, and the damages otherwise outlined in this Complaint.

28. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

29. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### Violations of 15 U.S.C. § 1681i
### Act as to Equifax

30.     Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

31.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

32.     Plaintiff repeatedly provided Equifax with the information it needed to remove the disputed account, including but not limited to a payoff email and other relevant supporting documents. Equifax ignored this information and failed to respond to Plaintiff's dispute.

33.     As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

34.     Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the

Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

35. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Equifax, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT I
### Violations of 15 U.S.C. § 1681e(b)
### As to Trans Union

36. Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

37. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

38. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered a loss of his personal time, emotional distress, and the damages otherwise outlined in this Complaint.

39. Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §

1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

40. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Trans Union, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### Violations of 15 U.S.C. § 1681i
### Act as to Trans Union

41. Plaintiff re-alleges and incorporates paragraphs 1 through 24 above as if fully set forth herein.

42. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

43. Plaintiff repeatedly provided Trans Union with the information it needed to remove the disputed account, including but not limited to a payoff email and other relevant supporting documents. Trans Union ignored this information and failed to respond to Plaintiff's dispute.

44. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by reduced credit score; financial loss; and the damages otherwise outlined in this Complaint.

45. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

46. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, Trans Union, jointly and severally; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment for actual, statutory, and punitive damages against the Defendant; for his attorneys' fees and costs; for prejudgment and

post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

Dated this 25th day of April 2023.

Respectfully Submitted,

*/s/Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
The Consumer Lawyers PLLC
412 E. Madison St. Ste. 916
Tampa, FL 33692
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
Jason@TheConsumerLawyers.com
Counsel for Plaintiff